**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2908-RMR

BRAYAN OMAR SANCHEZ SERVELLON,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
U.S. ATTORNEY GENERAL,
DAVID VENTURELLA,1 Acting Director of Immigration and Customs Enforcement, and
DEPARTMENT OF HOMELAND SECURITY,

Respondents.

---

**ORDER**

---

Petitioner Brayan Omar Sanchez Servellon ("Petitioner") was detained by Immigration and Customs Enforcement ("ICE") since May 13, 2026. ECF No. 1 at 2. Since filing his application, he has been removed to the Central African Republic. ECF No. 18. Before his removal, Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") on June 29, 2026. ECF No. 1. Petitioner proceeds *pro se* and his filings are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See* Hall, 935 F.2d at 1110.

On July 28, 2026, Magistrate Judge Prose ordered Respondents to "show cause why the [1] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 should not be granted" and ordered Respondents not to remove Petitioner from the District of

Colorado pursuant to the All Writs Act, 28 U.S.C. § 1651(a). ECF No. 6. On August 4, 2026, Respondents filed a response to the Order stating that "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 9 at 1. Respondents further "recognize[d] that the Court may then decide to grant the Petition and award the appropriate relief." *Id.* at 1-2.

On August 14, 2026, Petitioner filed a Motion for Transfer Back to the District of Colorado. ECF No. 13. Respondents filed a response indicating that "Petitioner was subject to a final order of removal" and that "[a]lthough an Immigration Judge ("IJ") granted Petitioner protection under the Convention Against Torture ("CAT") with respect to Honduras, that protection did not invalidate the removal order or prohibit removal to a third country." ECF No. 18 at 1. Respondents explained that their transfer of Petitioner from Colorado to Arizona ICE detention centers did not violate the Court's July 28, 2026 Order, because the transfer occurred on July 26, 2026, before the Order. *Id.* at 2.

The Court ordered "Respondents to file the final order of removal documentation that supported Petitioner's removal" on September 9, 2026. ECF No. 23. On September 11, 2026, Respondents filed the "Decision and Orders of the Immigration Judge" issued on August 20, 2020. ECF No. 25-2. The Immigration Judge's Order denied Petitioner's application for asylum, ordered Petitioner "be removed from the United States to Honduras pursuant to Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act," and ordered Petitioner's "application for protection under the CAT pursuant to 8 C.F.R. §§ 1208.16 and 1208.18 be GRANTED with respect to Honduras." *Id.* at 10.

Now, Petitioner has again moved for his transfer back to the District of Colorado. ECF No. 28. He explains that the circumstances in the Central African Republic are dangerous and that he cannot speak the language. *Id.* at 3. Respondents have previously expressed their position that Petitioner was appropriately removed subject to his final order of removal and 8 U.S.C. § 1231(b). ECF No. 25 at 4. However, "[a]ll removals to third countries, *i.e.*, removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal, *see* 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen's counsel in a language the non-citizen can understand." *Pacheco v. Baltazar*, No. 26-CV-01176-PAB, 2026 WL 1223414, at *4 (D. Colo. May 5, 2026) (citing *D.V.D. v. U.S. Dep't of Homeland Sec.*, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025)). Prior to his detention and removal, Petitioner resided in the United States since 2016. ECF No. 1 at 5. His final order of removal, dated August 20, 2020, was nearly six years old before he was detained on May 13, 2026. *Id.* at 2. Additionally, the record reflects that Petitioner was not afforded notice or opportunity to challenge his removal to the Central African Republic. This Court and many other courts across the country "have found that ICE's third-country removal policies violate the constitutional right to due process" when petitioners are not provided "with notice and an opportunity to challenge his removal before removing him to a third country." *Pacheco*, 2026 WL 1453640, at *4. Taken together, the Court finds that Petitioner has demonstrated that Respondents have violated his right to due process. Accordingly, Petitioner's Motion for Transfer to the District of Colorado, ECF No. 28, is GRANTED. Further, in light of Respondents' violation

of Petitioner's due process rights, Petitioner's Application for Writ of Habeas Corpus is GRANTED.

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. Petitioner's Motion for Transfer to the District of Colorado, ECF No. 28, is **GRANTED**. Respondents are **ORDERED** to transfer Petitioner from Central African Republic back to the District of Colorado;
2. Petitioner's Application for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
3. Once Petitioner is transferred back to the District of Colorado, Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
4. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals,

vacates this Order;

5. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
6. On or before **September 25, 2026**, Respondents shall file a status report certifying compliance with this Order;
7. Because Petitioner has received the relief requested, his First Motion for Transfer to the District of Colorado, ECF No. 13, is **DENIED AS MOOT**; and
8. Respondents' Motion to Withdraw Document, ECF No. 19, is **DENIED AS MOOT**.

DATED: September 18, 2026

BY THE COURT:

____________________________________
REGINA M. RODRIGUEZ
United States District Judge